MANDEVILLE *vs.* GUERNSEY.

A conversation between a person who has been tried upon an indictment and acquitted, and one who was his counsel on the trial, had after the relation of counsel and client has ceased, no further proceedings being contemplated, upon a subject unconnected with that to which the employment of the witness as counsel related, is not a privileged communication.

THIS action was brought to recover damages for an assault and battery and false imprisonment. The evidence showed that the defendant came from the state of Pennsylvania into New York and arrested the plaintiff, took him into Pennsylvania, and confined him in the county jail at Wells-

Mandeville *v.* Guernsey.

boro for several days. The defendant justified the arrest as sheriff of Tioga county, Pennsylvania, upon a bench warrant issued by the court of quarter sessions of that county, upon an indictment against the plaintiff for forgery. The plaintiff, after remaining in jail five days, was released, on giving ·bail. He was subsequently tried upon the indictment, and· acquitted. Julius Sherwood was called as a witness on the trial of the present action, on the part of the defendant, and testified as follows : "That he resides at Wellsboro, and did in 1854. Is an attorney and counsellor at law of that state. I was one of the plaintiff's counsel on the trial of the indictment against him. After the trial closed, and the plaintiff was acquitted, plaintiff went to my office, and I there had a conversation with him in respect to the manner and the reason that he came from his house into Pennsylvania with the defendant." The witness being asked, " what was that conversation ?" the plaintiff's counsel objected to the evidence, on the ground that the witness having been the plaintiff's counsel on the trial of that indictment, was not at liberty to disclose as a witness, by his testimony, the conversation referred to. The court sustained the objection, and excluded the evidence. The defendant excepted. The plaintiff recovered a verdict for $425. A motion by the defendant, for a new trial, made at the circuit, was ordered to be heard in the first instance at a general term.

George *B. Bradley*, for the defendant.

*F. C. Dininny*, for the plaintiff.

*By the Court,* WELLES, J. The view I take of this case renders it unnecessary to consider particularly any of the questions raised upon the argument, excepting the one whether the evidence offered by the defendant, to be given by the witness Julius Sherwood, of a conversation between the witness and the plaintiff, was properly excluded.

Mandeville *v.* Guernsey.

The witness Sherwood had testified that he was an attorney and counsellor of the state of Pennsylvania, and that he was one of the plaintiff's counsel on the trial of the indictment against him. That after the trial and acquittal of the plaintiff, he went with the witness to the office of the latter, and there had a conversation with the plaintiff in respect to the manner and the reason of his coming from his house into Pennsylvania with the defendant. The witness was then asked by the defendant's counsel what that conversation was. This question was objected to by the plaintiff's counsel, on the ground that the witness, having been the plaintiff's counsel on the trial of the indictment, was not at liberty to disclose as a witness, the conversation referred to. The objection was sustained, the evidence excluded, and the defendant's counsel excepted.

I am of the opinion that the conversation offered to be proved was not privileged. The relation of the parties to it as counsel and client had ceased. The plaintiff had been tried and acquitted, and no other proceedings in relation to the indictment, its trial, or the offense charged in it, appear to have been contemplated. Besides, the conversation embraced in the offer was upon a subject unconnected with that to which the employment of the witness as counsel related. The offer does not disclose what the conversation was, except that it was in respect to the manner and the reason of the plaintiff's coming from his house into Pennsylvania with the defendant. It does not appear how that question had any thing to do with the trial of the indictment; nor that the conversation was of a professional character on the part of the witness. If the defendant had been required to disclose what the conversation was which he proposed to prove, and it had appeared that it related to the plaintiff's right to maintain this action, and it could be gathered from it that the object was to elicit the opinion or advice of the witness on that subject, I should think the conversation was privileged. It would in that case have amounted to a retainer as counsel,

for the time being at least, and the plaintiff would *prima fa-* *cie* have been liable to the witness to pay him a counsel fee. But it would be a forced inference to say that such was the conversation, or its object. The form of the objection excludes the idea that the witness held any professional relation to the plaintiff, at the time of the conversation. It was put on the sole ground that the witness had been counsel for the plaintiff on the trial of the indictment. In such a case the objector holds the affirmative, and is bound to bring himself within the rule of privilege.

If my brethren concur with me in this view, there must be a new trial. The other rulings at the circuit, as also the charge of the judge to the jury, were each and all unexceptionable.

[MONROE GENERAL TERM, September 1, 1862. *Johnson, Welles* and *J. C. Smith,* Justices.]